**FILED**

**JUL 1 3 2023**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION
262 W. Nueva Street, Ste# 1-400
San Antonio, Texas, 78207

July 10, 2023

| | | |
|---|---|---|
| CORNEL JACKIE DRUMMER, | § | |
| TDCJ#00619316, | § | |
| | § | |
| Plaintiff, | § | SA-23-CV-00389-OLG |
| | § | |
| V. | § | |
| | § | |
| (1)Ron Rirenberg,San Antonio | § | |
| Mayor; (2)William McManus,Chief | § | |
| San Antonio Police Department; | § | |
| (3) Chuck Weir, San Antonio | § | |
| Assistant City Attorney;(4) | § | |
| Alvin C. Brown,SAPD Homicide | § | |
| Detective;(5)Reginal Speller, | § | |
| SAPD Criminal Investigator and | § | |
| Evidence Technician;(6)Richard | § | |
| F. Stengel, | § | |
| | § | |
| Defendants | § | |
| | § | |

<u>AMENDED SHOW CAUSE</u>

Before the Court is pro se Plaintiff Cornel Jackie Drummer's ("Drummer") 42 U.S.C. § Civil Rights Complaint. (Dkt.No.1).

Plaintiff paid the $402.00 filing fee (Dkt.No.6). Upon the Court's review of the Plaintiff's initial complaint, it found deficencies in the record that it felt needed to be corrected and issued an ORDER SHOW CAUSE-for the Plaintiff to file an amended complaint curing, to the extent possible, the Complaint's legel deficiencies.

In compliance with the Court's ORDER SHOW CAUSE, the Plaintiff will show the followings:

## BACKGROUND

Records from the Texas Department of Criminal Justice and Bexar County court records show Plaintiff was convicted of murder June 12, 1992, and sentenced to ninety-nine years' confinement.1 See Texas Department of Criminal Justice Inmate Search, Search Results (bexar.org) . While confined, Plaintiff filed his §1983 Civil Rights Complaint action against nimerous defendants in their official capacity, including:(1) Attorney General Ken Paxton ("the AG");(2) former Bexar County Judge Nelson Wolff;(3) San Antonio Mayor Ron Nirenberg; (4) San Antonio Police Department (SAPD") Chief William McManus; (5) San Antonio Assistant City Attorney Chuck Weir;(6) former Bexar County Chief Medical Examiner Vincent J.M. Di Maio;[3] (7) SAPD Homicide Detective Alvin C. Brown; (8) SAPD Criminal Investigator and Evidence Technician Reginal Speller; and (9) Bexar County Criminal Analyst Richard F. Stengel. (Dkt.No.#1). As for the Plaintiff's allegations, he contends:

> On October 122, 1994, under S.A.P.D. Case Assignment number# 90673179, the Defendants intentionally and knowingly violated Plaintiff's Civil Rights when they falsified government documents to be used by the Bexar County Criminal District Attorney's Office(#1991-CR-1948-A) to secure a conviction on the Plaintif for murder of December 28, 1990; Submitted the falsified government documents to the Plaintiff to use it challenging his conviction, then removed the entire S.A.P.D.File from piblic access by sending them to Office of the Texas Attorney General to withhold.

(Id.) The Plaintiff further contends that a falsification of some documents that took place on April 1, 1991, prior to his 1992 conviction. (Id). Even though the Court attempts to conclude that the Plaintiff appears to allege Defendant's actions constituted racial discrimination in violaiton of his civil rights, the Plainitff disputes that conclusion and contends that-because he does has a right to access to public records and information, the actions of the Office of the Texas Attorney General-withholding said documents (SAPD_Criminal Investigative Files) constitutes discrimination.. The Plainitff seeks monetary damages and unde-fined injunctive relief.(Id.).

In compliance with the Court's ORDER -SHOW CAUSE, the Plaintiff excludes Ken Paxton, Texas Attorney General; Vincent J.M.Di Maio, former Bexar County Chief Medical Examiner; Nelson Wolff, former Bexar County Judge from such liability stated here-in.With this in mind, this action is being instituted against (1) Ron Nirenberg, San Antonio Mayor; (2) William McManus, Chief of San Antonio Police Department; (3) Chuck Weir,San Antonio Assist-ant City Attorney;(4) Alvin C. Brown, SAPD Homicide Detective;(5) Reginal Speller,SAPD Criminal Investigator and Evidence Techni-cian; and (6) Richard F. Stengel.

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 07/2021)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE ___Western___ DISTRICT OF TEXAS
### ___San Antonio___ DIVISION

Cornel Jackie Drummer#00619316
_____
Plaintiff's Name and ID Number

John B. Connally Unit
_____
Place of Confinement

CASE NO.____SA-23-CV-389-OLG____
(Clerk will assign the number)

v.
Ron Nirenberg,San Antonio City Mayor,
Chuck Weir, San Antonio Assistant City Attorney
_____
Defendant's Name and Address
William MaManus, SAPD-Chief of Police;
Alvin C. Brown#        SSAPD Homicide Detective;
Reginal Speller, SAPD-Criminal Investigator & Evidence Technician
_____
Defendant's Name and Address
Richard F. Stengel, Bexar County Criminal Analyst.

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

_____

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court.  You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct.  If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure.  Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred.  If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID),  the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*.  In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor.  You must also include a current six-month history of your inmate trust account.  If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915.  Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner.  If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account.  Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date.  Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief.  Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

## I.    PREVIOUS LAWSUITS:

A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES **XX**NO

B.  If your answer to "A" is "yes," describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1.  Approximate date of filing lawsuit:_____ N/A _____

2.  Parties to previous lawsuit:
    Plaintiff(s)_____ N/A _____
    Defendant(s)_____ N/A _____

3.  Court: (If federal, name the district; if state, name the county.)_____ N/A _____

4.  Cause number:_____ N/A _____

5.  Name of judge to whom case was assigned: _____ N/A _____

6.  Disposition:  (Was the case dismissed, appealed, still pending?) _____ N/A _____

7.  Approximate date of disposition:_____ N/A _____

2

II.    PLACE OF PRESENT CONFINEMENT:  John B. Connally Unit

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    x YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Cornel Jackie Drummer#00619316, John B. Connally Unit, 899 F.M. 632, Kenedy, Texas, 78119

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Ron Nirenberg, PO.Box#839966, Saan Antonio, Texas, 78283-3966 (Mayor)

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed to properly train his employers-City Officials

Defendant #2: Chuck Weir, PO.Box#839966,San Antonio, Texas, 78283-3966 (former Assistant City Attorney)

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Knowingly abued Office power-aiding falsification of SAPD File

Defendant #3: William McManus, PO.Box#839948,San Antonio, Texas, 78283-3948 (SAPD-Chief of Police)

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed to properly train employers-SAPD-Officers/Detectives

Defendant #4: Alvin C. Brown#          , Reginal Speller#          , 214 W. Nueva street,San Antonio,Texas, 78207 (Homicde & Evidence Technican)

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Falsified government documents-SAPD-Investigative Files/Evidence

Defendant #5: Richard F. Stengel,7337 Louis Pasteur, San Antonio, 78229-4565

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Falsified government document-Ballaistic Reports

3

III.  EXHAUSTION OF GRIEVANCE PROCEDURE (Continue 3-1):

In 1992, Jack Warren Davis, a New Braunfels man, was con-
victed  and sentenced to Life in prison for the Strangulation
Murder of Mrs.Kathy Belones, a New Brunfels school teacher. This
Conviction was caused in part by the testimony of Fred S. Zain,
ex-Serologist of Bexar County Medical Examiner's Office.

Subsequently, the conviction and sentence of Mr.Davis was
overturned when it was discovered that Mr.Zain had perjuried him-
self during the trial of Mr.Davis. Mr Davis was later awarded
$600,ooo in a civil settlement and set free.

In 1993, Steven C. Hilbig, ex-Bexar County Criminal District
Attorney, and Mr.Vincent J.M. Di Maio, ex Chief of Bexar County
Medical Examiner's, was authorized to conduct a thorough investi-
gation in allegations of an Evidence Fixing Scandel, that result-
ed into review of thousands of other cases handled by Mr.Fred S.
Zain. This investigation was assigned to Hilbig and DiMaio by
former Justice of the Fourth Court of Appeals Mr.Orlando L.Garcia
, the same United State District Court Judge in the instant case.

On January 1, 1994, the Plaintiff filed a complaint with Mr.
Steven C. Hilbigs office, the City Attorney, the Internal Affairs
Division of SAPD, the Director of the Bexar County Medical Ex-
aminer's Office, and the FBI, but my complaints were continuously
denied.  The Plaintiff complained that he too was made a victim
the Bexar County Evidence Fixing Scandel.

III. <u>EXHAUSTION OF GRIEVANCE PROCEDURE</u> (Continue 3-2):

Attached to this application is a documentary history of complaint responses from City, County, State and Federal Offieials dating back to January 1, 1994 thru October 30, 2021, including Writ of Mandamus Actions seeking to compel the lower court to perform it's ministrial duties to rule on properly filed motion for court orders to compel the SAPD and Bexar County Medical Examiner's Office, to relief public record and information related to the instant offense. All Writ applications were dismissed.

This Honorable Court took judicial notice that on August 1, 2007, Plaintiff filed a Motion for Grand Jury Investigation due to being victimized by a Bexar County evidence fixing scandel" with the fourth Court of Appeals (CR:27-38). See SearchMedia. aspx (txcourts.gov)(last visited June 14, 2023). Because the Plaintiff had initially filed his Motion for Grand Jury Investigation with the Bexar County District Clerk's Office, along with Motion for New Trial Based on Lost or Destroyed Records and Exhibits(CR:39-66) filed on August 8, 2007.

Because the lower court would not rule, Plaintiff was forced to seek Writ of Mandamus with the Fourth Court of Appeals. On May 20, 2009, the Fourth Court of Appeals dismissed the petition for Writ of Mandamus. Id.

III. EXHUASTION OF GRIEVANCE PROCEDURE (Continue 3-3)

Under Civil No.SA-22-CA-0875-XR, Plaintiff sought 28 U.S.C. § 2254 Federal Petition for Writ of Habeas Corpus-with the United States District Court for the Western District, San Antonio Division, (Cornel Jackie Drummer v. Bobby Lumpkin, which he appealed the dismissal of the Texas Court of Criminal Appeals' decision on his State Application (Subsequent) for Writ of Habeas Corpus on his claims of actual innocence and newly discovered evidence.

The Plaintiff asserted that for the purpose of tolling, he demonstrated that the Texas Fourth Court of Appeals affirmed his conviction on direct appeal "Drummer v. State, No.# 04-92-00406-CR (Tex. App.-San Antonio, May 22, 1993); (ECF No. 22-10) WITHOUT CLERK'S RECORDS AND COURT REPORTERS RECORDS.

As a result, Plaintiff's continued request for access to court records, SAPD-Investigative Files, and Medical Examiner's records, having been denied, causing him to forfiet his Petition for Discretionary Review, the Plaintiff's appellate counsel whom failed to inform Plaintiff of the decision of the Fourth Court of Appeals Ex Parte Drummer, No.15, 103-08, also failed to ensure that a complete record be sent to the Fourth Appeals for review. Such Application for State Writ of Habeas Corpus was denied by Texas Court of Criminal Appeals without written order (ECF No. 22-60 at 2).

In the Plaintiff's continuing efforts to conduct individual investigation into the facts and evidence which secured his conviction, in July 10, 2001, he discovered that SX.No.#1 the evid-
ence weapon used by the Bexar C(...)

III. <u>EXHUASTION OF GRIEVANCE PROCEDURE</u> (Continue 3-4):

ence weapon used by t he State had not been released from the SAPD-Evidence Property-Room to be testfired. This fact was noted on Plaintiff's subsequent State writ of habeas corpus-Ex Parte Drummer,No.# 15,103-16, and 20) (Tex.Crim.App.);(ECF Nos. 22-78 , 22-80, 22-91, and 22-102).

In conjunction with this, Plaintiff sought Post-Conviction DNA Testing on SX.No.#29, the alleged bullet slug recovered at the autopsy (1991-CR-1948-A)(January 17, 2018). The lower court dismissed and appeal was made to the Fourth Court of Appeals, 04-18-00183-CR. The Fourth Court of Appeals affirmed. November 14, 2018. The Plaintiff sought Petition for Discretionary Review to the Texas Court of Criminal Appeals. See Drummer v. State, No.1406-18 (Tex.Crim.App.2019); (ECF No.22-46). The Texas Court of Criminal Appeals refused.

Thereafter, Plaintif filed countless complaints through the Bexar County Criminal District Attorney's Office "Conviction Integrity Unit" in May 13, 2015 and January 19,2021 and October 17, 2021 arguing his discovery about the evidence weapon not be- ing released from the SAPD-Evidence Property-Room to anyone of an outside agency-including the Bexar County Medical Examiner's Office Ballistic Division, to be test fired. All complaints were denied.

III. <u>EXHUASTION OF GRIEVANCE PROCEDURE</u> (Continue 3-5)

In furtherance of Plaintiff's due diligence, in 2019, he reached out to a San Antonio Express News Reporter "Emilie Eaton" to inform her of his challenges and to being made a victim of a Bexar County"evidence fixing scandel" and thaty huis murder conviction was wrongful. (Dkt.No.# 1). Through her request to the San Antonio Police Department "Open Records Division" did she learn that the entire SAPD-Criminal Investigative Files (90673179 ) had been sent to the Office of the Texas Attorney General with permission to withhold from public review.

Upon receiving a complete copy of the records from the reporter, it was discovered that on October 12, 1994, alterations were made to the records by SAPD-Homicide Detective Alvin C. Brown-with a black/dark permanant marker element. These records were made available to Brown by Chuck Weir, San Antonio Assistant City Attorney. The record is comfirming that Weir sent the Plaintiff the altered documents to use in challenging his confinement and removed the entire SAPD-Criminal Investigative Files from the Open Records Division and sent them to the Office of the Texas Attorney General with permission to withhold from public review.

Plaintiff asserts that he has established a continuing due diligent effort since January 1, 1994 thru the current date to secure an independant investigation into the violation of his

III. <u>EXHUASTION OF GRIEVANCE PROCEDURE</u> (Continue 3-6):

civil rights through all available avenues to meet his two (2) year statute of limitation period to seek such actions but his efforts have been "POLITICALLY" denied.

More importantly, very interesting to note, it was U.S. District Court Judge Orlando L. Garcia, former Justice of the Fourth Court of Appeals (the current U.S.District Court sitting in the instant case) who issued an ORDER assigning the Fred S. Zain's 1992-"evidence fixing scandel investigation" into the care of Steven C. Hilbig, ex-Bexar County District Attorney and Dr. Vincent J.M. DiMaio, ex-Bexar County Chief Medical Examiner to conduct said investigation which constituted a total conflict of interest where it was DiMaio and his Ballistic Expert who know-ing participated in the instant case-providing the State with known falsified government ballistic reports and using known fabricated ballistic evidence to the jury known to be fabricated.

The Plaintiff asserts that he has demonstrated to this Court that based upon his due diligence, he should be considered within the two (2) year statute of limitation on his claims of the vio-lation of his civil rights.

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Alvin C. Brown and Reginal Speller, SAPD-Homicide and Investigative Officers knowingly falsified SAPD-Criminal Investigative Files on April 1, 1991. prior to trial, on June 9, 1992, fabricated ballistic evidence, allowed for Dr.Vincent J.M. Di Maio and Richard F.Stengel to use the fabricated bullet slug tto the jury as being the original bullet slug recovered at the autopsy from the body of Deceased,to help the District Attorney Office secure a verdict of guilty-Under Cause #1991-CR-1948-A.  On October 12, 1994, Chuck Weir and Alvin C. Brown, falsified government documents/ Sent originals to Texas Atty General

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

100,000,000 Million Dollars in Compensation "Deliberate Indifference"

Injunctive Relief "Reopen Bexar County Evidence Fixing Scandel Inv•

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Cornel Jackie Drummer (Only)

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

3010822, 522434, 619816 (Texas Only)

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?    ____YES XX NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.   Court that imposed sanctions (if federal, give the district and division): __None__

2.   Case number: _____N/A_____

3.   Approximate date sanctions were imposed: _____N/A_____

4.   Have the sanctions been lifted or otherwise satisfied?    ____YES XX NO

4

V.STATEMENT OF THE CLAIM (Continue 4-1):

## STATEMENT OF THE CASE

On December 28, 1990, at approximately 2:10 A.M. Willie D. Graggs, hereinafter referred to as the Deceased was fatally shot and found laying face up in the front yard of 106 East Canton, Street, San Antonio, Texas.

The Deceased was found with a large 38 caliber handgun revolver to his right hand. A package of cigarettes and lighter was found to his left hand. More than $1000 dollars was found in his front right pocket. See Offense Report at exhibit "A"

## AUTOPSY   REPORT EXAMINATION

Suzanna E. Dana, Deputy Chief Bexar County Medical Examiner, conducted an examination on the body of Willie D. Graggs. Dana concluded by her findings that Willie D. Graggs, 42 years  of age , black male, died as a single penetration gunshot wound of the center of his chest.

A large caliber bullet passed through the body of the sternum, right ling, and lodged beneath the skin of the right back.

The bullet caused i njuries of the vessels within the right lung, resulting in massive internal bleeding and death. A large caliber bullet was recovered at autopsy. There was no evidence of close range firing. See Autopsy Report at exhibit "B")

## EXAMINATION OF THE CLOTHING

Examination of the clothing reveals a ¼ inch defect of the left back of the shirt which was worn across the right front of the body. This defect shows a moderate amount of gray bullet

V. <u>STATEMENT OF THE CLAIM (Continue 4-2)</u>:

wipes. There is no visiable soot or powder encircling the entry
wound defect. There is a small corresponding defect of the T-
shirt. See page #2 exhibit "B"

## GUNSHOT RESIDUE REPORT

J.L.Casterena, M.SC., DABFT, Gunshot Residue Analyst for the
Bexar County Medical Examiner's Office, conducted a gunshot re-
sidue hands-wiping examination on both left and right hand of the
Deceased. Casterena conclcuded that Gragg's right-back hand show-
ed Antimony ), Barium 67, Lead 109. Left bacl-Antimony 2612, Bar-
ium 570, Lead 22424. Right palm-Antimony 24, Barium 303, Lead 223
, Left palm-Antimony 5, Barium 22223, Lead 43. <u>See Gunshot Resid-
ue reeport at exhibit "C"</u>

## STATEMENT OF THE FACTS

On JUne 9, 1992, in the 144th Judicial District Court, Bexar
County, Texas, under Cause No.#1991-CR-1948-A (Murder) (THE STATE
OF TEXAS VS. CORNEL JACKIE DRUMMER), through the falsification of
government documents "ballistic reports" and fabricated ballistic
evidence, provided by the Defendants SAPD-Homicide Detective
Alvin C. Brown; SAPD-Criminal Investigator and Evidence Techncian
Reginal Speller; Dr.Vincent J.M. DiMaio, former Bexar County
Chief Medical Examiner; and Richard F. Stengels, Bexar County
Medical Examiner's Office Toolmark and Firearms Expert, the State
was alowed to use and present to the jury fabricated ballistic
evidence-of the gun found at the crime scene in the hands of the

## V. Statement of the claim (Continue 4-3):

Deceased. Acordingly, Ballistic Expert Richard F. Stengels told the court that on 12-28-90, an agent of the Bexar County Laboratory went over to the SAPD-Evidence Property-Room to pick up a large amount of weapon-including SX.No.#1, the recovered handgun removed from the hands of the Deceased. Stengels told the court, on 12-28-90 after he received a bullet slug from Dana which she removed from the body of the Deceased, he compared that bullet slug SX.No.#29, to the gun SX.No.#1 recovered at the crime scene.

Stengels told the court that he is 100 percent sure that SX. No.#29 was fired by SX.No.#1. Through the testimony of Stengels, the State introduced 4 live, 2 empty shell casings and 1 slug.

To account for the other missing slug, Stengels told the court that it was at the Medical Examiner's Office being held by Deputy Chief Medical Examiner Suzanna E. Dana, where the weapon was test fired.

### NEWLY DISCOVERED EVIDENCE

On July 10, 2001, the Plaintiff made an OPEN RECORDS REQUEST to the SAPD-Open Records Division for a copy of the evidence property-Release form for 12-28-90, to comfirm the release of the evidence weapon out to an outside agency-including the Bexar County Medical Examiner's Office to be test fired?

A computer File investigation was conducted and it was revealed that SX.No.#1 had not been picked up or released to anyone of an outside agency-including the Bexar County Medical Examiner-'s Office, to be test fired. See SAPD-Evidence Property-room Re-

V. <u>STATEMENT OF THE CLAIM</u> (Continue 4-4):

<u>ceipt and Release forms attached at exhibits "H" and "I" to the</u>

<u>original complaint.</u>

The Plaintiff asserts that the Defendants intentionally, knowingly, and deliberately violated his civil rights when they knowingly falsified government documents, fabricated ballistics evidence, and gave aggravated perjury to the court.

More importantly, the Defendants knowingly tampered with the SAPD-Criminal Investigative Files on October 1½, 1994, by virtue of using a black/dark permanant marker element to the original ballistic report by placing a DOIT to the INSIDE CONTAINER portion of the document so that said document can show something to resemble a bullet slug. The Defendants then copied the altered documents off on to an SAPD-Copier Mechine, sent the altered document to the Plaintiff in using to challenge the legalities of his confifnement. The Defendant's then removed the entirer SAPD-Criminal Investigative Files from the Open Records Division of the San Antonio Police Department and sent them to the Office of the Texas Attorney General with permission to withhold from public review.

C.  Has any court ever warned or notified you that sanctions could be imposed?        _____YES<u>XX</u>   NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that issued warning (if federal, give the district and division):_____N/A_____

    2.  Case number:_____N/A_____

    3.  Approximate date warning was issued:_____N/A_____

Executed on: July 10, 2023
             DATE

                                            (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____10th_____ day of _____July_____, 2023_____.
               (Day)                (month)        (year)

                                            (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**



**STEVEN C. HILBIG**
BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY
BEXAR COUNTY JUSTICE CENTER
300 DOLOROSA, SUITE 5072
SAN ANTONIO, TEXAS 78205-3030
(210) 220-2311

January 7, 1994

Mr. Cornell Drummer
619316 Coffield Unit
Route 1, Box 150
Tennessee Colony, TX   75861

Dear Mr. Drummer,

I have received your letter dated January 1, 1994.  Your
letter indicates your case is in the hands of Inmate Staff
Counsel.  Accordingly, your complaint should be directed to or
through him.

Sincerely yours,

Dennis J. McKnight
First Assistant
Criminal District Attorney
Bexar County, Texas

DJM:clj



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer    to
File No.

615 E. Houston
San Antonio, Texas 78205
November 25, 1994

Mr. Cornell Drummer #619316
Coffield Unit
Route 1, Box 150
Tennessee Colony, Texas 75861

Dear Mr. Drummer:

      Reference is made to a letter from Lieutenant Rose Mary Flammia, Internal Affairs Unit, San Antonio Police Department, dated November 17, 1994. This letter was addressed to Supervisory Special Agent Gilbert Mireles of the San Antonio office of the Federal Bureau of Investigation (FBI) and was received at our office on November 21, 1994. This communication enclosed various documents which you had requested Lieutenant Flammia forward to the FBI.

      Please be advised that the FBI does not have investigative jurisdiction over the matters which you raised in your communications. The allegations you made concerning the testimony of various witnesses at your trial are, under our system of justice, resolved through the appellate process conducted by the judicial branch of government. The FBI, as the investigative agency of the United States Department of Justice, has no jurisdiction in such matters.

                              Sincerely,

                              Jeffrey J. Jamar
                              Special Agent in Charge

                              *Gilbert Mireles*

                              By:
                              Gilbert Mireles
                              Supervisory Special Agent



# City of San Antonio Police Department
## Professional Standards Section



*An organization of Value-Oriented People,*
*Reflective of Our Diversity,*
*Dedicated to Serving the Community*
*With Integrity, Honor, and Fairness:*
*That All May Know Justice, Equality,*
*And Freedom Under the Law.*

December 31, 1999

Cornell Drummer
TDCJ ID No. 619316
Coffield Unit
Rt. 1  Box 150
Tennessee Colony, Texas 75884

Dear Mr. Drummer:

This letter is in reference to the correspondence I received from you on December 21, 1999 regarding the releasing and availability of department information and the handling of your case by Mr. Charles W. Weir, Assistant City Attorney.  The following points are in response to your letter:

1.    Access to police records in the San Antonio Police Department is initiated by requesting them at the Records Section during normal business hours at 214 W. Nueva. Written requests for records are referred to the custodian of records. The department's custodian of records is the Administrative Services Manager of the San Antonio Police Department Records Section.  The personnel assigned to the San Antonio Police Department's Records Section handle the sale of public reports to the general public.

2.    The Internal Affairs Office does not oversee nor investigate civilian personnel.  This office investigates all complaints alleging misconduct by sworn police personnel.  If you wish to discuss or complain to someone concerning the manner Assistant City Attorney Charles Weir handled your case then you must contact the Police Legal Advisor, Albert Pena at (210) 207-7580.

I hope my explanation on requesting and releasing of information and the handling of your case is addressed in this letter.  Thank you for coming forward and allowing us the opportunity to further assisting you.

Sincerely,

Captain Rose Mary Flammia
Professional Standards Section



# Susan D. Reed
## Criminal District Attorney
### Bexar County, Texas

February 27, 2002

Honorable John Cornyn
Office of the Attorney General
Attn: Open Records Division
P.O. Box 12548
Austin, Texas 78711-2548

CMRRR #7001 0320 0000 0947 0704

Re:    **Request for opinion relating to Open Records Request dated February 15, 2002, received by the Bexar County Criminal Investigation Laboratory**

Dear Attorney General Cornyn:

The Bexar County Criminal Investigation Laboratory received a request dated February 15, 2002, from Alonza Fennel acting on behalf of Cornell Drummer, an inmate of the Texas Department of Criminal Justice - Institutional Division ("TDCJ"), pursuant to the Texas Public Information Act for a copy of any information of log in/log out data regarding the receipt or release of a particular Smith & Wesson revolver.

A copy of the request is attached as Exhibit A. The records of the Bexar County Criminal Investigation Laboratory in response to the request are attached as Exhibit B. Exhibit C contains information from the Bexar County Criminal Justice Information system reflecting Mr. Drummer's conviction for murder, judgment of 99 years and transfer to TDCJ.

Ms. Fennel states she is seeking the requested information on behalf of TDCJ inmate Cornell Drummer. The Bexar County Criminal Investigation Laboratory asserts that the requested information is not required to be released pursuant to Section 552.028 of the Government Code because Ms. Fennel is acting as an agent of a criminal defendant. The Attorney General has previously held in OR 2001-1003 that a department is not required to comply with a records request under Section 552.028 when a requestor is acting as an agent of a criminal defendant.

Accordingly, we are requesting an Attorney General opinion pursuant to Government Code §552.301(a) for a determination on whether the information is required to be disclosed under Texas law.  Please feel free to contact me if you need anything further regarding this opinion request.

Sincerely,

Sue Ann Gregory
Assistant Criminal District Attorney
- Civil Division
300 Dolorosa, Suite 4049
San Antonio, Texas 78205
Telephone: (210) 335-2139
Telefax: (210) 335-2151

Enclosures

cc w/out enclosures:
    Miss Alonza Fennel
    129 Utall Street
    San Antonio, Texas 78210

*copy M_ Cornel P Drummel*
*619316*
*#1 - Box 150*
*Tennesse Colony TX 75884*
CMRRR #7001 0320 0000 0947 0681



# CITY OF SAN ANTONIO

P. O. BOX 839966
SAN ANTONIO, TEXAS 78283-3966

February 28, 2002

Alonza Fennell
129 Utah Street
San Antonio, Texas 78210

RE:     Open Records Request
        Our File No.: OR01-0186

Dear Ms. Fennell:

I am in receipt of your open records request dated February 15, 2002.  You request two items: (1) a copy of the property tag attached to a handgun collected as evidence in SAPD case number 90-673179 and (2) "a Copy of the 911 paper form Dispatcher Emergency Service form."

With regard to first item, the SAPD has neither the handgun nor the tag attached to it.  I have been told by the 144th District Court of Bexar County that upon petition, the court, on May 11, 2000, ordered the handgun destroyed by the Bexar County Sheriff's Office. You have alternatively requested "a Sworn affidavit from the Custodian of Records of the date that said item was removed and released to an outside agency for further investigation."  The Texas Public Information Act does not require a governmental body to provide such and we decline to do so.

With regard to the second item, your request is unclear.  I am not able to determine what information you are requesting.

Sincerely,

Charles H. Weir
Assistant City Attorney

CHW/yq

cc:     City Attorney's Office

```
DPW:                    * * *  EVENT LOG DISPLAY (D-PAGE)  * * *        *ACT: F9
SELECTION: JCI    QUALIFIER: DC1991CR1948A
KJMAPCID                                                          KJCIDD
JN: 0487756    JURIS COURT: D144  CASE NBR: (1991CR1948A)   R S   DOB    LOC
SID: 0258695  SUF: 01  NAME: DRUMMER, CORNEL JACKIE         B M 01 03 1962 TDC
TRN:             SFX:
      CODE   DATE     DESCRIPTION        QUALIFIER        CNC  DATE    EMPL
    * *  USE ONLY THESE LINES TO ADD NEW LINES

    _ ____ __ __ ____ _____ _____ _ _____ _____
    _ ____ __ __ ____ _____ _____ _
    * *  USE THESE LINES FOR EXCHANGES AND DELETES ONLY           _
141 _ 4500 07 16 1999 RCVD LETTER FROM_ CORNELL DRUMMER -_  1 990721   9591
142 _ 4500 07 16 1999 DATED JUNE . 28 ,_ 1999.             1 990721   9591
143 _ 4100 09 13 1999 MTN/CRT CORDER TO_ PROVIDE PUBLIC INFO 1 990913  9263
144 _ 4100 09 13 1999 MTN 09/13/99 SENT_ TO KATHY CRT AD___  1 990913  9263
145 _ 4100 11 01 1999 REC'D LTR FROM DEF_ T SENT TO CRT____  1 19991112 1804
146 _ 4100 05 11 2000 WRT1 FILE/ODI/ATTY_ AFF ORD TO TR/APP_  1 20000511 6056
147 _ 4100 05 11 2000 RCV'D OD APPL PC W_ RT1/ODI FROM C.A.__  1 20000512 7170
148 _ 4100 05 19 2000 LTR FR C.DRUMMER,_ RE: STATUS ON WRIT_  1 20000522 6426
149 _ 4100 05 22 2000 LTR FR C.DRUMMER__ ROUTED TO CRT.ADMIN_ 1 20000522 6426

HELP = <PF1>        ***** END OF LIST *****      10 05 2000 0957 DC56 00625
```



**Duarte &**
**Pedraza, P.C.**
ATTORNEYS AT LAW

Demetrio Duarte, Jr.
Board Certified Criminal Law
Tx. Bd. of Legal Specialization
Antonio Pedraza, Jr.

June 26, 2002

Cornell Drummer
TDCJ-ID-NO. 619316
Coffield Unit
Route 1, P.O. Box 150
Tennessee Colony, Texas 75884

Dear Mr. Drummer:

I have received and reviewed you recent correspondence to my office. I also reviewed the enclosures.

Without my commenting on the legitimacy of your claim, I understand you wish to file a post-conviction writ of habeas corpus whereby you seek a hearing to determine whether or not your conviction was based upon perjured testimony. Unfortunately, the State of Texas does not afford inmates legal counsel for post-conviction writs. In other words, I am not in a position legally or professionally to assist you.

I regret your correspondence does not contain the answer you were seeking, but from our prior relationship you know I always tell my clients what I believe instead of what my clients want to hear. Hopefully, this honest reply will allow you to promptly proceed via other means.

I wish you the best of luck.

Yours truly,

Demetrio Duarte, Jr.
Attorney at Law




# City of San Antonio Police Department

## Albert A. Ortiz
### Chief of Police

*An Organization of Value-Oriented People*
*Reflective of Our Diversity*
*Dedicated to Serving the Community*
*With Integrity, Honor, and Fairness*
*That All May Know Justice, Equality*
*And Freedom Under the Law*

February 21, 2006

Mr. Cornell Drummer
TDCJ-ID 619316
Coffield Unit
Route 1 Box 150
Tennessee Colony, TX  75884

Dear Mr. Drummer:

Thank you for your letter regarding the complaint filed by Mrs. Doris Evans.  Deputy Chief Rose Mary Flammia, Commander of the Support Services Division had this matter thoroughly investigated by the Property Room staff.

The investigation revealed that the .38 caliber Smith & Wesson, Sn#C336728, was destroyed by court order #91-cr-1948A by Bexar County on October 27, 2000, as verified by Bexar County Property Room Clerk, Ben Rangel.

I hope this correspondence addresses your concerns.

Sincerely,

Albert A. Ortiz
Chief of Police

AAO:rmf

214 West Nueva Street
P.O. Box 839948
San Antonio, Texas 78283

*"An Equal Opportunity Employer"*

(210) 207-7360
Fax (210) 207-4377
(210) 207-4889 (4TTY




# City of San Antonio Police Department

### Internal Affairs Unit

*An Organization of Value-Oriented People,*
*Reflective of Our Diversity,*
*Dedicated to Serving the Community*
*With Integrity, Honor, and Fairness;*
*That All May Know Justice, Equality,*
*And Freedom Under the Law.*

12-23-08

Cornell Drummer
TDCJ-ID-NOP #619316
Beto 1. Unit
P.O. Box #128
Tennessee Colony, TX 75880

Mr. Drummer:

The SAPD Internal Affairs Unit has received your correspondence regarding your complaint on how evidence in your trail was handled.  Unfortunately, we do not have the authority to investigate outside agencies.  The only San Antonio Police Officer named is now retired and we do not have the authority to investigate him either. Additionally, the agreement between the City of San Antonio and the San Antonio Police Officer's Association does not allow us to discipline officers for offenses that occured more than 180 from the date of the violation. Thank you for bringing this information to our attention.

A copy of your correspondence will be placed on file in the Internal Affairs Unit.

Sincerely,


Sgt. David R. Lopez
Administrative Sergeant


Washington Square Building
800 Dolorosa, Suite 402
San Antonio, Texas 78207

(210) 207-7365
Fax (210) 207-7372
(210) 207-4889 (4TTY)

*"An Equal Opportunity Employer"*

Leo S. Caldera, CIA, CGAP
First Assistant County Auditor



Paul Elizondo Tower
300 Dolorosa, Suite 800
San Antonio, Texas 78205
(210) 335-2301
Fax: (210) 335-2996
AuFrontDesk@Bexar.org

Susan T. Yeatts, CPA
BEXAR COUNTY AUDITOR

November 09, 2011

Mr. Cornell Drummer
TDCJ-ID-NO. #00619316
Connally Unit
899 F.M. 632
Kennedy, Texas, 78119

Dear Mr. Drummer

We have received your open records request (ORR) for information regarding an auditor responsible for a 1993 – Audit of the Bexar County Medical Examiner's Office (pertaining to Mr. Fred S. Zain, serologist); however, we have no records indicating a Medical Examiners audit was performed by the Bexar County Auditors Office. We have forwarded a copy of your ORR to the Bexar County District Attorney's Office for further review.

Sincerely,

Leo S. Caldera



## Nicholas "Nico" LaHood
### Criminal District Attorney
#### Bexar County, Texas
CONVICTION INTEGRITY UNIT

May 7, 2015

Mr. Cornell Drummer
TDCJ-ID No. 00619316
John B. Connally Unit
899 FM 632
Kenedy TX 78119

Dear Mr. Drummer:

I received your letter asking about the status of your case, but I haven't received anything else concerning your case. If you want to send me more information, I would be glad to look at it. Enclosed is the form we use for submitting new cases. You don't have to confine yourself to the form, you can add more details, but the form is useful for getting the basic necessary information on one page.

I cannot give you legal advice, but I will review whatever I learn about your case.

Very truly yours,

Jay Brandon

CONVICTION INTEGRITY UNIT
Case Summary

*00406*
*04-92-00178-CR*

DATE OF SUMMARY: May 12, 2015

DEFENDANT: Cornell Drummer/TDCJ-ID-NO.#00619316

CASE NUMBERS: 91-CR-1948-A and 92-CR-1231

OFFENSE and SENTENCE: Murder (99) and Delivery of Cocaine (55)

DATE OF JUDGMENT: 6-12-92(91-CR-1948-A)/3-27-92 (92-CR-1231)

COURT and JUDGE:144th DC/ 3-27-92 (Susan D. Reed-92-CR-1231)
6-9-92 (Peter Michael Curry-Visiting Judge-91-CR-1948-A)

DEFENSE COUNSEL and PROSECUTORS:Demetrio Duarte Jr.(Defense)
Jimm Kopp and Hilda Valadez (Prosecutor-91-CR-1948-A)/Demetrio
Duarte Jr.(Defense)(Prosecutor unknown)(92-CR-1231)

SUBSEQUENT WRIT?
92-CR-1231 (73.082 Filed 5-20-98 and 15, 103-0 filed 2-16-00)
91-CR-1948-A(15, 103-08 filed 3-1-99) and 15, 103-10-filed 4-9-09

CLAIMS:
On Cause number 91-CR-1948-A, on June 9, 1992, S.A.P.D.Criminal
Evidence Technician Reginal Speller fabricated ballistic evidence
when he fired 1 of the 5 live round bullet through SX.NO.# 1. He
allowed that bullet to be used by Richard F. Stengels and Dr.
Vincent J.M. DiMaio as the orignal bullet slug recovered at the
autopsy from the body of Willie D. Graggs (M.E.NO.#1726-90)
Cause number 92-CR-1231-Norcotic Agent for S.A.P.D.alleges that
on January 12, 1991, I sold them Cocaine. The S.A.P.D.Evidence
PropertyRoom has no record or information of any Cocaine evidence
sold by me to the Agents.

SUMMARY:
During the 1990s-relating to the Bexar County Evidence Fixing
Scandle, I too was made a victim of this operation where Chief
M.E.Dr.Vincent J.M.DiMaio himself actively participated with
S.A.P.D.Criminal Investigators to fabricate State's used evidence
to help Hilda Valadez prosecutors secure a wrongful conviction.
All documentary record information of the Bexar County Medical
Examiners Office relating to the test firing of SX.NO.# 1, is
false documents. SX.NO.# 1 was never picked up or submitted to
the Bexar County Medical Examiners Office to be testfired. See
Evidence Property Receipt and Release forms.
And, Norcotic Agents gave aggravted perjured trial testimony to
the Jury that I sold them Cocaine where there is no record at the
S.A.P.D.Evidence PropertyRoom to comfirm this fact.

CONTACT INFORMATION FOR PERSON SUBMITTING THIS FORM:

(Attachment "C")



## Nicholas "Nico" LaHood
### Criminal District Attorney
#### Bexar County, Texas
CONVICTION INTEGRITY UNIT

June 23, 2015

Mr. Cornell Drummer
TDCJ No. 00619316
899 FM 632
Kenedy TX 78119

Dear Mr. Drummer:

I had been reviewing your case when I learned that the trial court had already signed an order recommending the writ be dismissed. I wasn't part of that decision. I don't know of any way to get a trial judge to change an order after it's already been entered. Furthermore, based on what you presented to me and my own investigation, I do not believe the Court of Criminal Appeals would disagree with the trial judge. There is just not enough evidence to support the claims you've made. As you know, a habeas applicant has a very heavy burden to overturn a conviction.

I wish I had better news for you, but there is nothing more I can do.

Very truly yours,

Jay Brandon



NO. 1991-CR-1948A-W3

| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | **144TH** JUDICIAL DISTRICT |
| **CORNELL JACKIE DRUMMER** | § | BEXAR COUNTY, TEXAS |

## O R D E R

Applicant, Cornell Jackie Drummer., has filed a *pro se* application for post-conviction writ of habeas corpus pursuant Article 11.07 of the Texas Code of Criminal Procedure, collaterally attacking his conviction in cause number 1991-CR-1948A. (Vernon 2014).

## HISTORY OF THE CASE

On June 12, 1992, a jury convicted Applicant of murder. Applicant was sentenced to ninety-nine years confinement in the Texas Department of Corrections – Institutional Division. Applicant appealed his conviction, and on May 26, 1993, the Fourth Court of Appeals affirmed Applicant's conviction (No. 04-92-00406-CR). Mandate issued on January 13, 1994. Applicant's first two applications for writ of habeas corpus were denied by the Court of Criminal Appeals without written orders. Applicant filed this third application for writ of habeas corpus on May 13, 2015. The District Attorney's office received a copy of the writ application on May 22, 2015.

## ALLEGATIONS OF APPLICANT

1.    In Ground One Applicant alleges actual innocence due to newly discovered evidence. He claims the murder weapon introduced at trial was never picked up from the San Antonio Police Department property room nor submitted to the Bexar County Medical Examiner's Office to be test fired. He claims Richard Stengels, toolmark and firearms expert for the Bexar County Medical Examiner's Office, testified at trial that the murder weapon was picked up from the San Antonio Police Department property room and brought to the Bexar

1

County Medical Examiner's Office and test fired.

2.   In Ground Two Applicant alleges the Bexar County District Attorney and investigative team intentionally and knowingly tampered with and fabricated State's evidence by falsifying the ballistic evidence.  On July 10, 2001, Applicant made an open records request to the San Antonio Police Department for a copy of the property release form for 12-28-90.  Applicant claims this form reveals that the murder weapon was never submitted to any outside agency to be test fired.

3.   In Ground Three Applicant alleges the Bexar County District Attorney and investigative team intentionally and knowingly withheld State's evidence favorable to the defense and material to guilt/innocence.  He claims the evidence property release form was never turned over to the defense.

4.   In Ground Four Applicant alleges the Bexar County District Attorney and investigative team intentionally and knowingly used aggravated perjured trial testimony.  He reasserts his claim that the murder weapon was never submitted to the Bexar County Medical Examiner's office for testing.

5.   In Ground Five Applicant alleges ineffective assistance of counsel.  He claims counsel failed to conduct an independent investigation of Applicant's case and instead allowed the prosecution to present a false version of the facts to the jury.

2

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.  On June 12, 1992, a jury convicted Applicant of murder. Applicant was sentenced to ninety-nine years confinement in the Texas Department of Corrections – Institutional Division.

2.  Applicant appealed his conviction, and on May 26, 1993, the Fourth Court of Appeals affirmed Applicant's conviction. (No. 04-92-00406-CR). Mandate issued on January 13, 1994.

3.  Applicant filed his first application for writ of habeas corpus on March 1, 1999, alleging ineffective assistance of appellate counsel. The Court of Criminal Appeals denied the Application without written order on December 20, 2000 (*WR-15,103-08*).

4.  Applicant filed his second application for writ of habeas corpus on April 9, 2009. Applicant alleged ineffective assistance of appellate counsel, failure of the trial court to comply with the Texas Rules of Appellate Procedure, and failure of the Fourth Court of Appeals to comply with the Texas Rules of Appellate Procedure. The Court of Criminal Appeals denied the application without written order on June 3, 2009 (*WR-15,103-11*).

5.  This court believes that Applicant's third writ application does not strictly comply with the Texas Rule of Appellate Procedure 73.1 (d) in that it far exceeds the length restriction for any memorandum of law and therefore should be dismissed. *See Ex Parte Walton*, 422 S.W.3d 720 (Tex.Crim.App. 2014).

6.  Inasmuch as this is Applicant's fourth writ application, Section 4 of Article 11.07 contains three statutory exceptions to the general rule that bars consideration of a subsequent post-conviction writ application. The application must allege new law, new facts, or actual innocence. See *Ex Parte Sledge*, 391 S.W.3d 104 (Tex.Crim.App. 2013).

7.  In Ground One Applicant claims newly discovered evidence suggests his actual innocence,

0610 2015 V1310P0523

3

relying on records from the San Antonio Police Department and the Bexar County Medical Examiner's Office to support his claim that the murder weapon was never tested and thus testimony at trial to that effect was false.

8.    The court has reviewed the San Antonio Police Department and Bexar County Medical Examiner records requested by Applicant on July 10, 2001, attached as exhibits to Applicant's writ application, and finds the records reveal the weapon was received by the Bexar County Medical Examiner's Office from the San Antonio Police Department and the weapon was tested.

9.    Applicant does not allege any facts to support his actual innocence claim. Therefore, such claim appears to be wholly without merit. *See Ex Parte Maldonado*, 688 S.W. 2d 114 (Tex.Crim.App. 1985).

10.    The Court further finds that the evidence relied upon is not newly discovered or newly available. *See Ex Parte Brown*, 205 S.W.3d 538 (Tex.Crim.App. 2006)

11.    The Court has no jurisdiction to consider the merits of a subsequent application for writ of habeas corpus where the application does not "contain sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application." TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(1) (West 2014).

12.    This Court finds that the allegations in Grounds One, Two, Three, Four, and Five either were or could have been presented in Applicant's prior writ applications.

13.    Therefore, this court recommends that this application be **DISMISSED.**

4

**O R D E R S**

The District Clerk of Bexar County, Texas, is hereby ordered to prepare a copy of this

document, together with any attachments and forward the same to the following persons by mail or

the most practical means:

a.  The Court of Criminal Appeals
    Austin, Texas 78711

b.  Nicholas LaHood
    Criminal District Attorney
    Paul Elizondo Tower
    Bexar County, Texas 78205

c.  **Cornell Jackie Drummer**
    **TDCJ No. 00619316**
    **John B. Connally Unit**
    **899 F.M. 632**
    **Kenedy, TX 78119**


SIGNED, ORDERED and DECREED on _____5/29/15_____.


                                    _____
                                    **JUDGE LORINA RUMMEL**
                                    144TH Judicial District Court
                                    Bexar County, Texas

5

**DRUMMER, CORNEL**



### TEXAS STATE LAW LIBRARY
### P.O. BOX 12367
### AUSTIN, TEXAS 78711-2367

4 October 2016

RE: Bexar Co #91-CR-1948-A –
Clerk & Reporter's Record

Cornel Drummer (#619316)
Connally Unit (068)
Kenedy, TX 78119

Dear Mr. Drummer,

Thank you for contacting the Texas State Law Library. We received your request on 28 September 2016.

The State Law Library can only access case files from the Court of Criminal Appeals, Third Court of Appeals, and the Texas Supreme Court. The only court records we can access related to your case are your "writ of habeas corpus" applications, #WR-15,103-01 through #WR-15,103-17, held at the Court of Criminal Appeals. While these case files do contain some trial court documents related to your case, they do not contain your full Clerk's Record, nor do they contain your Reporter's Record. If you are interested in purchasing court documents from these case files, please let us know and a cost estimate can be created for you.

To locate additional court records, contact the court(s) mentioned below:

Additional appellate court records are located at the 4th Court of Appeals. Contact the Clerk of Court at the address below to request documents from your direct appeal case file using the case number #04-92-00406-CR:

Keith Hottle, Clerk
4th Court of Appeals
300 Dolorosa Street, Suite 3200
San Antonio, TX 78205-3037

Additional trial court documents will be located within the case file held at the Bexar County District Court. Contact the Clerk of Court at the following address in order to request documents from your trial court case file:

Bexar County District Clerk
101 W Nueva
Suite 217
San Antonio, TX 78205

Sincerely,

State Law Library Reference Staff



**TEXAS STATE LAW LIBRARY**
**P.O. BOX 12367**
**AUSTIN, TEXAS 78711-2367**

13 September 2019

RE: Names and Number of Judges who ruled on #1991-CR-1948-A

Cornel Jackie Drummer (#619316)
Connally Unit (068)
899 FM 632
Kenedy, TX 78119

Dear Mr. Drummer,

Thank you for contacting the Texas State Law Library. We received your request on 23 August 2019.

This type of information is not available in the case file. We do not have access to the internal records of the Court, so we are unable to determine who or how many judges reviewed your habeas applications, mandamus applications and petition for discretionary review.

The decision from the Court of Criminal Appeals on your various appeals are below:

Habeas applications:

WR-15,103-01 - denied without written order
WR-15,103-03/AP-73,082 - relief granted. Opinion issued.
WR-15,103-06 - denied without written order on trial court findings
WR-15,103-08 - denied without written order
WR-15,103-11 - denied without written order
WR-15,103-16 - dismissed
WR-15,103-17 - dismissed
WR-15,103-18 - denied without written order on trial court findings

Mandamus applications:

WR-15,103-02
WR-15,103-04
WR-15,103-05
WR-15,103-07
WR-15,103-09
WR-15,103-10
WR-15,103-12
WR-15,103-13
WR-15,103-14
WR-15,103-15
WR-15,103-19

**All mandamus applications were denied without written order.**

RECEIVED

AUG 20 2019

CIVIL SECTION

Mr.Cornell Jackie Drummer
TDCJ-ID-NO.#00619316
John B. Connally Unit
899 F.M. 632
Kenedy, Texas, 78119

August 26, 2019

Mr.Juan A. Rugue
Assistant Bexar County District Attorney
Civil Rights/OPEN RECORDS Division
Paul Elizondo Tower
101 W. Nueva Street, 7th Floor
San Antonio, Texas, 78205
(210) 335-2311

Re:Trial Ct.NO.#1991-CR-1948-A, Inquiry on status of request for
investigation into complaint related to SAPD-Homicide Detective
Alvin C. Brown backdating his SUPPLEMENTAL REPORT and committed
Aggravated Perjury to Bexar County Grand Jury/Complaint filed
more than 30 days ago and still no response

Dear Mr. Juan A. Rugue Sir:

  Let the record reflect, in reference to the above styled and
numbered cause, I filed a complaint through the Bexar County Dis-
trict Clerk's Office to be filed with your division for an in-
vestigation into a violation of my rights where the SAPD-Homicide
Detective knowingly backdated his SUPPLEMENTAL REPORT by virtue
of entering false information that was used to a Bexar County
Grand Jury to secure a TRUE BILL INDICTMENT against me for murder
which constitutes aggravated perjury to a Grand Jury-but still to
this date I have not received any responses from this division.

1

With this in mind, I would like to submit this inquiry and ask whether there is any particular reasons why this division has not responded?

Thank you for your attention in this matter.

Sincerely

Mr.Cornell Jackie Drummer
TDCJ-ID-NO.#00619316
John B. Connally Unit
899 F.M. 632
Kenedy, Texas, 78119


CC:CONVICTION INTEGRITY UNIT

2



JOE D. GONZALES
BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY
PAUL ELIZONDO TOWER
101 W. NUEVA ST.
SAN ANTONIO, TEXAS 78205
(210) 335-2311

September 5, 2019

Mr. Cornell Jackie Drummer
TDCJ – ID – No. #00619316
John B. Connally Unit
899 F.M. 632
Kenedy, TX 78119

Re:    1991-CR-1948A; Complaint against Police Officer

Dear Mr. Drummer:

On August 29, 2019, the Bexar County Criminal District Attorney's Office received your letter regarding a complaint against a San Antonio Police Officer. A copy of your letter is enclosed.

The DA's Office is not an originating agency and does not receive or investigate complaints from individuals against police officers. I have enclosed information regarding this issue.

Sincerely,

Juan A. Roque
Assistant District Attorney
Civil Division
Phone: (210) 335-2367
Fax: (210) 335-2773
Email: juan.roque@bexar.org

Enclosure

1

Select Language ▼

(https://www.sanantonio.gov/)

Custom Search

(GET CONNECTED)  (RESIDENTS)  (VISITORS)  (BUSINESS)  (YOUR GOVERNMENT)  (ESPAÑOL)
(HTTP://WWW.SANANTONIO.GOV/GETCONNECTED) (/RESIDENTS) (/VISITORS) (/BUSINESS) (/YOURGOVERNMENT)

sa.Gov Home (/) > SAPD(https://www.sanantonio.gov/SAPD) > Internal Affairs(https://www.sanantonio.gov/SAPD/Internal-Affairs)

# INTERNAL AFFAIRS

SAPD HOME (/SAPD.ASPX)

SAPD OPEN DATA INITIATIVE
(/SAPD/SAPDOPENDATAINITIATIVE.ASPX)
ABOUT SAPD >
(/SAPD/MESSAGEFROMTHECHIEF.ASPX)
COMMUNITY >
(/SAPD/COMMUNITYPOLICEPHILOSOPHY.ASPX)
CRIME AND CALL INFORMATION >
(/SAPD/CRIMEANDCALLINFORMATION.ASPX)
NEWS AND MEDIA >
(/SAPD/NEWSANDMEDIA.ASPX)
RECRUITING (/SAPD/SAPDRECRUITING.ASPX)

PROGRAMS AND SERVICES >
(/SAPD/PROGRAMSANDSERVICES.ASPX)
PUBLIC SAFETY >
(/SAPD/LAWENFORCEMENTLINKS.ASPX)
DOWNLOADABLE FORMS
(/SAPD/DOWNLOADABLEFORMS.ASPX)

RELATED SITES

SOUTHWEST TEXAS FUSION CENTER
(/SOUTHWESTTEXASFUSIONCENTER.ASPX)
AIRPORT POLICE (/AIRPORTPOLICE.ASPX)

PARK POLICE (/PARKPOLICE.ASPX)

## ABOUT INTERNAL AFFAIRS

The San Antonio Police Department maintains a separate unit for receiving and investigating complaints from citizens against police officers. This unit, called the Internal Affairs Unit, is housed separately from other police facilities.

## CONTACTING INTERNAL AFFAIRS

The Internal Affairs Unit can be contacted at (210)207-7365 or at their office which is located in the Washington Square Bldg., at 800 Dolorosa, Suite #402, San Antonio, TX 78207. The hours of operation are 7:45 am to 6:00 pm, Monday through Friday. The Internal Affairs Unit can also be contacted at the following e-mail address: INTERNAL AFFAIRS (mailto:SAPD.InternalAffairs@sanantonio.gov?subject=Website Email).

## MAKING A COMPLAINT

Bring your complaint to the attention of the Internal Affairs Unit as soon as possible, either in person, by telephone or by e-mail. You may also call the Police Information Line (227-7201 or 207-7273) and ask to speak to a Police Supervisor.

## PROCESS FOR FILING A FORMAL COMPLAINT

1. Internal Affairs Unit supervisors will take sworn statements from the complainant and any witnesses to the incident. These statements are notarized and treated in the same manner as testimony in a court of law.
2. The officer involved, and any other officer at the scene of the incident, is required to submit a written report in response to the complaint.
3. When appropriate, medical records are examined, physical evidence is gathered, and photographs may be taken.
4. The complainant, witnesses, and the officer involved, may be required to take a polygraph examination.
5. Once the investigation is completed, the case is forwarded to the Complaint and Administrative Review Board.
6. The Complaint and Administrative Review Board, which includes seven civilian members, reviews the case and presents its findings to the Chief of Police.
7. The Chief of Police decides if discipline will be administered to the officer.
8. An Officer can appeal disciplinary action through the Civil Service Commission and eventually to an Arbitrator. The Arbitrator may alter or sustain the Chief's decision.
9. If the Arbitrator sustains the Chief's decision, the officer has a right of appeal to a State District Court.
10. Upon final disposition of the case, a written response from the Chief's Office will be sent to the citizen and the officer involved.

## SAPD NEWS

Friday, July 26, 2019
SAPD Asks for the Public's Assistance on Murder
(https://www.sanantonio.gov/SAPD/Press-Releases/ArtMID/7184/ArticleID/16419/SAPD-Asks-for-the-Public%e2%80%99s-Assistance-on-Murder) >

Monday, July 08, 2019
Wanted Person - Davion Williams
(https://www.sanantonio.gov/SAPD/Press-Releases/ArtMID/7184/ArticleID/16213/Wanted-Person-Davion-Williams) >

Wednesday, July 03, 2019
Office Closure- 4th of July
(https://www.sanantonio.gov/SAPD/Press-

## CONTACT US

Emergency: 911 (V/TTY)
Non-Emergency: 210.207.7273 (V/TTY)
Request a City Service Online (311)
(/customer/services.aspx)
(/SAPD/About/ContactUs?sendto=SAPD)

HEADQUARTERS
315 South Santa Rosa (/sapd/Headquarters.aspx)

SUBSTATIONS
(/sapd/SubstationsMap.aspx)
Central Substation (/sapd/CentralSubstation.aspx)
East Substation (/sapd/EastSubstation.aspx)
North Substation (/sapd/NorthSubstation.aspx)
Prue Substation (/sapd/PrueSubstation.aspx)
South Substation (/sapd/SouthSubstation.aspx)
West Substation (/sapd/WestSubstation.aspx)

Internal Affairs

Case 5:23-cv-00389-OLG    Document 8    Filed 07/13/23    Page 44 of 53 Page 2 of 2

Releases/ArtMID/7184/ArticleID/16208/Office-Closure-4th-of-July) ›

**Tuesday, July 02, 2019**
Missing Person - Daniel Ortiz
(https://www.sanantonio.gov/SAPD/Press-Releases/ArtMID/7184/ArticleID/16209/Missing-Person-Daniel-Ortiz) ›

**Monday, July 01, 2019**
Fireworks Hotline Available Fourth of July
(https://www.sanantonio.gov/SAPD/Press-Releases/ArtMID/7184/ArticleID/16174/Fireworks-Hotline-Available-Fourth-of-July) ›

More News Releases... ›
(sapd/pressreleases.aspx)

**FACEBOOK**



San Antonio Police Department
2 hours ago

Do you want to learn all about the San Antonio Police Department and its

Find my Council Member and Police Services
(/Council/FindMyCouncilMember.aspx)

**GET CONNECTED**

(/sapd/Directory.aspx)

(http://twitter.com/#!/SATXPolice)

(https://www.facebook.com/SanAntonioPD)

(https://www.youtube.com/user/SAPDMSVC)

(https://www.instagram.com/sanantoniopd/)

(https://nextdoor.com/agency-detail/tx/san-antonio/san-antonio-police-department-1/)

Copyright © 2000- 2019 City of San Antonio
Office of Equity (/Equity)   ADA Compliance (/ada)   Telecommuting (/easi)   Site Map (/websitemap)   Open Records (/opengovernment)   Contact Us (/contact)
Privacy Policy & Disclaimer (/disclaimer)

https://www.sanantonio.gov/SAPD/Internal-Affairs                    9/5/2019



# JOE D. GONZALES
## BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY
PAUL ELIZONDO TOWER
101 W. NUEVA
SAN ANTONIO, TEXAS 78205
(210) 335-2311

### CONVICTION INTEGRITY UNIT

September 24, 2019

Mr. Cornell Drummer
TDCJ # 00619316
Connally Unit
899 FM 632
Kenedy, Texas 78119

Mr. Drummer:

We are in receipt of your letters imploring whether we have investigated the allegations of aggravated perjury of SAPD-Homicide Detective, Alvin C. Brown, and Criminal Investigator, Reginal Speller. These claims were raised, investigated, and rejected in a thorough review by this unit in 2015. Further, these allegations have been previously raised and rejected on the merits in a writ that was denied by the Court of Criminal Appeals. At this time, there is nothing that would lead this office to agree to granting you any sort of relief from your conviction or sentence. Nor would the Court of Criminal Appeals grant relief without newly discovered evidence, which would be necessary to overcome the subsequent writ bar. I am sorry I do not have better news for you, but please know that your case was thoroughly reviewed by this unit.

Sincerely,

Alison Dahlberg
Conviction Integrity Unit

# City of San Antonio Police Department
### Internal Affairs Unit



*An Organization of Value-Oriented People,*
*Reflective of Our Diversity,*
*Dedicated to Serving the Community*
*With Integrity, Honor, and Fairness;*
*That All May Know Justice, Equality,*
*And Freedom Under the Law.*

December 19, 2019

Mr. Cornell Jackie Drummer
TDCJ-ID-NO. 00619316
John B. Connally Unit
899 FM 632
Kenedy, TX 78119

RE: Case #: 90673179

Mr. Drummer:

After carefully reading the concerns addressed, this does not appear to be a matter that can be resolved by the SAPD Internal Affairs Unit. Our Unit only handles complaints on current San Antonio Police Officers. Furthermore, Chapter 143 of the Local Government Code only allows for 180 days from the date of the occurrence for discipline to be issued. This incident occurred beyond the 180 day rule, causing this incident to be expired for disciplinary purposes.

Sincerely,

Sergeant M. Murray #3384
Internal Affairs Unit Administrative Sergeant

Washington Square Building
800 Dolorosa, Suite 402
San Antonio, Texas 78207

(210) 207-7365
Fax (210) 207-7372
(210) 207-4889 (4TTY)

*"An Equal Opportunity Employer"*

(https://www.sanantonio.gov/)                    Custom Search

( GET CONNECTED ) ( RESIDENTS ) ( VISITORS ) ( BUSINESS ) ( YOUR GOVERNMENT ) ( ESPAÑOL )
(HTTP://WWW.SANANTONIO.GOV/GETCONNECTED)(/(RESIDENTS)(/VISITORS)(/BUSINESS)(/YOURGOVERNMENT)(/ESPANOL)

sa.Gov Home (/) > SAPD(https://www.sanantonio.gov/SAPD) > Internal Affairs(https://www.sanantonio.gov/SAPD/Internal-Affairs)

# INTERNAL AFFAIRS

SAPD HOME (/SAPD.ASPX)

SAPD OPEN DATA INITIATIVE
(/SAPD/SAPDOPENDATAINITIATIVE.ASPX)
ABOUT SAPD >
(/SAPD/MESSAGEFROMTHECHIEF.ASPX)
COMMUNITY >
(/SAPD/COMMUNITYPOLICEPHILOSOPHY.ASPX)
CRIME AND CALL INFORMATION >
(/SAPD/CRIMEANDCALLINFORMATION.ASPX)
NEWS AND MEDIA >
(/SAPD/NEWSANDMEDIA.ASPX)
RECRUITING (/SAPD/SAPDRECRUITING.ASPX)

PROGRAMS AND SERVICES >
(/SAPD/PROGRAMSANDSERVICES.ASPX)
PUBLIC SAFETY >
(/SAPD/LAWENFORCEMENTLINKS.ASPX)
DOWNLOADABLE FORMS
(/SAPD/DOWNLOADABLEFORMS.ASPX)

RELATED SITES

SOUTHWEST TEXAS FUSION CENTER
(/SOUTHWESTTEXASFUSIONCENTER.ASPX)
AIRPORT POLICE (/AIRPORTPOLICE.ASPX)

PARK POLICE (/PARKPOLICE.ASPX)

## ABOUT INTERNAL AFFAIRS

The San Antonio Police Department maintains a separate unit for receiving and investigating complaints from citizens against police officers. This unit, called the Internal Affairs Unit, is housed separately from other police facilities.

## CONTACTING INTERNAL AFFAIRS

The Internal Affairs Unit can be contacted at (210)207-7365 or at their office which is located in the Washington Square Bldg., at 800 Dolorosa, Suite #402, San Antonio, TX 78207. The hours of operation are 7:45 am to 6:00 pm, Monday through Friday. The Internal Affairs Unit can also be contacted at the following e-mail address: INTERNAL AFFAIRS (mailto:SAPD.InternalAffairs@sanantonio.gov?subject=Website Email).

## MAKING A COMPLAINT

Bring your complaint to the attention of the Internal Affairs Unit as soon as possible, either in person, by telephone or by e-mail. You may also call the Police Information Line (227-7201 or 207-7273) and ask to speak to a Police Supervisor.

## PROCESS FOR FILING A FORMAL COMPLAINT

1. Internal Affairs Unit supervisors will take sworn statements from the complainant and any witnesses to the incident. These statements are notarized and treated in the same manner as testimony in a court of law.
2. The officer involved, and any other officer at the scene of the incident, is required to submit a written report in response to the complaint.
3. When appropriate, medical records are examined, physical evidence is gathered, and photographs may be taken.
4. The complainant, witnesses, and the officer involved, may be required to take a polygraph examination.
5. Once the investigation is completed, the case is forwarded to the Complaint and Administrative Review Board.
6. The Complaint and Administrative Review Board, which includes seven civilian members, reviews the case and presents its findings to the Chief of Police.
7. The Chief of Police decides if discipline will be administered to the officer.
8. An Officer can appeal disciplinary action through the Civil Service Commission and eventually to an Arbitrator. The Arbitrator may alter or sustain the Chief's decision.
9. If the Arbitrator sustains the Chief's decision, the officer has a right of appeal to a State District Court.
10. Upon final disposition of the case, a written response from the Chief's Office will be sent to the citizen and the officer involved.

---

## SAPD NEWS

Friday, July 26, 2019
SAPD Asks for the Public's Assistance on Murder
(https://www.sanantonio.gov/SAPD/Press-
Releases/ArtMID/7184/ArticleID/16419/SAPD-Asks-
for-the-Public%e2%80%99s-Assistance-on-Murder)
>

Monday, July 08, 2019
Wanted Person - Davion Williams
(https://www.sanantonio.gov/SAPD/Press-
Releases/ArtMID/7184/ArticleID/16213/Wanted-
Person-Davion-Williams) >

Wednesday, July 03, 2019
Office Closure- 4th of July
(https://www.sanantonio.gov/SAPD/Press-

## CONTACT US

Emergency: 911 (V/TTY)
Non-Emergency: 210.207.7273 (V/TTY)
Request a City Service Online (311)
(/customer/services.aspx)
☎ (/SAPD/About/ContactUs?sendto=SAPD)

HEADQUARTERS
315 South Santa Rosa (/sapd/Headquarters.aspx)

SUBSTATIONS
(/sapd/SubstationsMap.aspx)
Central Substation (/sapd/CentralSubstation.aspx)
East Substation (/sapd/EastSubstation.aspx)
North Substation (/sapd/NorthSubstation.aspx)
Prue Substation (/sapd/PrueSubstation.aspx)
South Substation (/sapd/SouthSubstation.aspx)
West Substation (/sapd/WestSubstation.aspx)

To:Darrell Harris
    Assistant Criminal District Attorney
    Civil Division Complaint Section
    Paul Elizondo Tower
    101 W. Nueva Street, Fouth Floor
    San Antonio, Texas, 78205
    (210) 335-2311

From:Mr.Cornell Jackie Drummer
     TDCJ-ID-No.#00619316
     John B. Connally Unit
     899 F.M. 632
     Kenedy, Texas, 78119

January 19, 2021

Re:Cause NO.# 1991-CR-1948-A, Complaint for the violation of .̇.
Civil Rights committed by SAPD-Criminal Investigators/request for
thorough and independant Civil Rights Investigation

Dear Mr.Darrell Harris Sir:

    In reference to the above styled and numbered cause please

allow for me to submit this complaint to your Civil Rights Divi-

sion for the purpose of a thorough and independant Civil Rights

violation investigation committed by local Criminal Investigators

/SAPD-Officers for the San Antonio Police Department on June 9,

1992, under SAPD-Case Assignment NO.# 90673179, and in support of

this complaint and request, please let me show the followings:

                              I

    Enclosed you will find a Bexar County District Clerk's Off-

ice stamped filed Motion for Grand Jury Investigation in Alter-

native Evidentiary Hearing Based on Newly Discovered Evidence

                              1

(CR 27-38)

Let the record reflect, as demonstrated by the motion, SAPD -Homicide Detective Alvin C. Brown#_____ and SAPD Criminal Evidence Technician Reginal Speller#____, intentionally and knowingly violated my civil rights when they falsified a government document a Search Warrent with Probable Cause to a Magistrate and a SAPD-Supplemental Report charging me with the offense of murder committed on December 28, 1990 under SAPD-Case Assignment NO.# 90673179. And, on June 9, 1992, the pair tampered with and fabricated ballistic evidence when they knowingly fired 1 of the 5 live round bullets through a gun (SX.NO.# 1) recovered at the crime scene and from the hands of the victim Willie D. Graggs to be used by the Bexar County Criminal District Attorney's Office through the perjuried testimony of former Chief Medical Examiner Dr.Vincent J.M. DiMaio and his Tollmark and Firearms Expert Mr. Richard F. Stengels, to the jury as being the original bullet slug recovered at the autopsy. (Cause NO#1991-CR-1948-A).

Per an Open Records Request, Mrs.Lynne Esquivel, SAPD Open Records Director conducted a computer file investigation on July 10, 2001, and concluded that the weapon (SX.NO.#1) was never released, picked up by anyone of an outside agency to be test fired. More importantly, the weapon was released without approval and was never returned to the Property Room after being used for court purpsoes before a motion for new trial and notice of appeal were file.

2

Plaintiff has filed complaints with the Bexar County Criminal District Attorney's Office "CONVICTION INTEGRITY UNIT" under the administration of Nicholas LaHood and Joe Gonzalez, the local Federal Bureau of Investigation (October 24, 2018?-still pending) and the 144th Judicial District Court (Motion still pending for 13 years without a ruling).

### REQUEST FOR THE ASSIGNMENT OF INVESTIGATIVE AGENT

Plaintiff asserts that because of his indegency, he cannot afford to hire the representation of counsel to conduct such an investigation as requested. As such, Plaintiff is requesting for the Bexar County Criminal District Attorney's Office "CIVIL RIGHTS DIVISION" to assign him an Agent to conduct such an investigation so that all of the facts necessary to be developed, can be presented properly for consideration of Civil Rights violation.

Thank you for your attention in this matter

Sincerely

Mr.Cornell Drummer
TDCJ-ID-NO.# 00619316
John B. Connally Unit
899 F.M. 632
Kenedy, Texas, 78119

3

CC:Federal Bureau of Investigation
    San Antonio Region
    5740 University Heights Blvd
    San Antonio, Texas, 78249
    (210) 225-6741
    (210) 650-6153 (Fax)


    Joe Gonzales
    Bexar County Criminal District Attorney
    Civil Rights Complaint Division
    Paul Elizondo Tower
    101 W. Nueva Street, Fourth Floor
    San Antonio, Texas, 78205
    (210) 335-2311


    District Court Judge
    144th Judicial District Court
    Paul Elizondo Tower
    101 W. Nueva Street
    San Antonio, Texas, 78205


    Mr.Ron Nironberg
    San Antonio City Mayor
    P.O.Box#839966
    San Antonio, Texas, 78205
    (210) 207-7060

    Mr.Nelosn Wolff
    Bexar County Judge
    Paul Elizondo Tower
    101 W. Nueva Street, Ste# 1019
    San Antonio, Texas, 78205
    (210) 335-2626

    Mr.William McManus
    Chief of Police
    San Antonio Police Department
    P.O.Box#839948
    San Antonio, Texas, 78283-3866
    (210) 207-7360

                          4



# JOE D. GONZALES
## Criminal District Attorney
### Bexar County, Texas

July 30, 2021

Cornell Drummer
TDCJ# 00619316
Connally Unit
899 FM 632
Kenedy, TX 78119

Mr. Drummer:

The District Attorney's Conviction Integrity Unit has conducted a follow-up review of your criminal case for the offense of *Murder*, for which you were sentenced to ninety-nine (99) years in cause number 1991CR1948A before the 144th District Court of Bexar County based on your letter and enclosed motions dated January 19, 2021. We investigated your case by reviewing the court's documents, the materials you provided, and the prosecution's file.

The District Attorney does not have the authority to reverse a conviction or reduce a sentence. That can only be done by pardon, clemency, or a court acting under lawful authority. After a thorough review, we have determined that your case presents no manifest injustice which may be corrected by the procedures provided by the law for post-conviction relief nor any compelling justification for our office to agree to a commutation of sentence or similar form of equitable relief.

You claim that you are actually innocent. Based on our review, this unit cannot agree to or support your claim. You have not provided this unit with any newly discovered evidence to support the notion that, despite the evidence of guilt that supports your convictions, no reasonable juror could have found you guilty. Under those circumstances, we cannot agree to support your claim for relief.

The conclusions reached in this review are not legally binding on any court but are based on an assessment of the law and our experience in post-conviction litigation. We cannot give you legal advice, however, you are free to pursue any available legal recourse.

Respectfully,

Conviction Integrity Unit

**Paul Elizondo Tower – 101 W. Nueva St., Fourth Floor - San Antonio, Texas 78205**
**(210) 335-2311**
**For Victim Assistance call (210) 335-2105**



# JOE D. GONZALES
## Criminal District Attorney
### Bexar County, Texas

October 21, 2021

Cornell Drummer
TDCJ# 00619316
Connally Unit
899 FM 632
Kenedy, TX 78119

Mr. Drummer:

The District Attorney's Conviction Integrity Unit has conducted a follow-up review of your criminal case for the offense of *Murder*, for which you were sentenced to ninety-nine (99) years in cause number 1991CR1948A before the 144th District Court of Bexar County based on your letter and enclosed documents dated October 1, 2021. We investigated your case by reviewing the court's documents, the materials you provided, and the prosecution's file.

As you are aware, there is a particular set of procedures provided by the law for post-conviction relief in a case like yours. You claim that you are actually innocent and that evidence presented in court to prove your guilt was falsified. The 144th District Court previously addressed those claims in No. 1991-CR-1948A-W3 (enclosed with this letter) and found those claims to be wholly without merit. The District Court made their recommendation to the Court of Criminal Appeals, and that court agreed with that finding. Because these claims have already been considered by that court, a further discussion of the claims is limited.

That same set of procedures provided by the law for post-conviction relief also limits the authority of the District Attorney throughout the post-conviction process. This office does not have the ability to reverse a conviction or reduce a sentence. That can only be done by pardon, clemency, or a court acting under lawful authority. After a thorough review, we have determined that there are no procedures within our limited authority that could allow this office to assist you.

The conclusions reached in this review are not legally binding but are based on an assessment of the law and our experience in post-conviction litigation. We cannot give you legal advice, however, you are free to pursue any available legal recourse.

Respectfully,

Conviction Integrity Unit